**PANDUIT CORPORATION,**
**Plaintiff-Appellant,**

v.

**DENNISON MANUFACTURING COMPANY,**
**Defendant-Appellee.**

No. 77–1688.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 15, 1979.

Decided March 12, 1979.

Charles F. Pigott, Jr., Chicago, Ill., for plaintiff-appellant.

Dugald S. McDougall, Chicago, Ill., for defendant-appellee.

Before FAIRCHILD, Chief Judge, and CASTLE, Senior Circuit Judge, and WOOD, Circuit Judge.

CASTLE, Senior Circuit Judge.

The issue presented by this appeal is the timeliness of the Panduit Corporation's filing in the district court of a 35 U.S.C. § 146 civil action to review an adverse decision of the Board of Patent Interferences. Since we believe that Panduit complied both in letter and in spirit with the time limits promulgated by the Commissioner of Patents and Trademarks at 37 C.F.R. § 1.304(a), we reverse the district court's dismissal of the civil action and remand for consideration of Panduit's claims on the merits.

The chronology of Panduit's attempts to obtain Board reconsideration and then court review of an adverse decision by the Board on the underlying patent dispute between Panduit and the Dennison Manufacturing Company is set out below.

7–28–76 Board of Patent Interferences decision awarding priority in underlying patent dispute to Dennison.

8–27 Panduit files (1) a request for rehearing and (2) a motion for extension of time to file a request for reconsideration.

8–30 Board denies motion for extension of time but "under the circumstances of this case" nevertheless gives Panduit until 9–27 to file a request for reconsideration.

9–8 Dennison serves a reply objecting to Panduit's request for rehearing.

9–27 Panduit motion for 2 week extension of time to file a request for reconsideration is received by the Board.

10–12 Panduit files request for reconsideration.

10–22 Dennison serves a reply objecting to Panduit's request for reconsideration.

10–29 Board, on reconsideration, denies any change or modification of its decision of 7–28.

11–23 Panduit files civil action in United States District Court for review of Board's decision of 7–28, pursuant to 35 U.S.C. § 146.

1–27–77 Dennison moves to dismiss the civil action as untimely filed.

3–2 District court grants Dennison motion to dismiss.

5–9 District Court denies Panduit's motion for reconsideration of the 3–2 dismissal.

8–3 District court denies Panduit's motion for relief from judgment under FRCP 60(b).

35 U.S.C. § 146 provides:

*Civil action in case of interference*

Any party to an interference dissatisfied with the decision of the board of patent interferences on the question of priority, may have remedy by civil action, if commenced within such time after such decision, not less than sixty days, as the Commissioner appoints . . . .

The Commissioner of Patents and Trademarks has appointed the following time limits:

§ 1.304(a) . . . If a request for rehearing or reconsideration, or modification of the decision [of the Board of Patent Interferences], is filed within the time specified in section . . . 1.256(b), or within any extension of time granted thereunder, the time for . . commencing a civil action shall expire . . . thirty days after action on the request. . . .

§ 1.256(b) Any request for rehearing or reconsideration, or modification of the decision after final hearing, must be filed within 30 days from the date of the origi-

nal decision. . . . Any reply thereto must be filed within 15 days from the filing of the request. The times specified herein may be extended by the Board of Patent Interferences upon a showing of sufficient cause.

37 C.F.R. §§ 1.304(a) and 1.256(b). It is clear that Panduit did file its civil action in district court within thirty days of the Board's action of October 29, however it is unclear whether the Board's action of that date was solely on Panduit's request for reconsideration or on its request for rehearing as well. Dennison, capitalizing on supposed differences between a request for rehearing and a request for reconsideration, argues:

(1) The request for rehearing, although timely filed within thirty days of the original Board decision on priority, was subsequently abandoned by Panduit when it filed its request for reconsideration and, in any event, the Board's October 29 ruling cannot be considered action on the request for rehearing since it refers, on its face, solely to the later filed request for reconsideration.

(2) The request for reconsideration, which was the sole request upon which the Board purported to act in its October 29 ruling, was not timely filed "within any extension granted [under section 1.256(b)]" since the Board never responded to Panduit's September 27 motion for a two week extension of time to file its request for reconsideration.

Because we are unable to accept the distinction between a request for rehearing and a request for reconsideration upon which Dennison's arguments rely,[1] we conclude that Panduit never abandoned its re-

---

1. We note that drawing this distinction is not altogether unjustified on Dennison's part since Panduit did the same thing in filing separate requests for rehearing and reconsideration. Despite the different titles, a perusal of the two requests reveals that that they made essentially the same arguments and sought identical relief—that the Board grant the parties the opportunity to brief and argue a post-final hearing decision of the Court of Customs and Pat-

ent Appeals upon which the Board had based its decision, or at least that the Board take a second look at its decision. The Board did grant the request to the extent of reconsidering its earlier decision, but it declined to modify that decision. Despite the fact that Panduit's later filed arguments were entitled "request for reconsideration" they also requested that another hearing be held.

**802**

quest for a rehearing and that the Board's October 29 ruling constituted action on this timely request, as amplified by later arguments, also arguably timely filed within Board-granted extensions. Therefore, the civil action was in turn timely since it was filed within thirty days of Board action on the request for rehearing.

The Board stated in its August 30 ruling that " 'rehearing or reconsideration, or modification' are synonymous terms in the context of 37 CFR 1.256(b)." Discarding all labels, we are presented with a situation where some arguments in opposition to the Board's original decision on priority were timely filed within thirty days and amplification of those same arguments was filed arguably within Board-granted extensions. Regardless of whether the amplifications are considered timely filed, we conclude that Panduit met the time requirements of section 1.304(a) by filing its basic arguments within the appointed thirty days of the original Board decision. Any other result would penalize Panduit for having received Board permission to file supplemental arguments in support of its timely request for rehearing.

Although under our disposition of the case we do not need to decide on the timeliness of the "request for reconsideration," we believe that it too was timely filed since the Board's consideration of the request on the merits constituted an implicit grant of Panduit's motion for an additional two week extension.

Subsequent Board explanations of its October 29 ruling support the result we have reached, but we have based our decision on our own independent interpretation of the meaning of the Board's action of that date.

REVERSED and REMANDED.